**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2013-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PARASTU SHARIFI,

    Defendant-Appellant.

_____

Argued May 20, 2026 – Decided July 2, 2026

Before Judges Berdote Byrne and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Municipal Appeal No. 2021-02.

Parastu Sharifi, appellant, argued the cause on appellant's behalf.

Peter Rhinelander, Assistant Prosecutor, argued the cause for respondent (Janetta D. Marbrey, Mercer County Prosecutor, attorney; Peter Rhinelander, of counsel and on the brief).

PER CURIAM

Following a trial de novo in the Law Division, defendant Parastu Sharifi appeals her conviction for shoplifting, N.J.S.A. 2C:20-11(b)(1). Because defendant failed to provide transcripts of proceedings in which she alleges errors occurred, we affirm.

We glean the following facts from the limited record before us. After defendant Parastu Sharifi was observed taking several pieces of merchandise, placing them in her purse, and attempting to leave a Walmart, she was arrested and charged with shoplifting, N.J.S.A. 2C:20-11(b). Pre-trial, defendant requested all evidence in the State's possession. To permit compliance by the State, the municipal judge adjourned the trial date. Approximately one month later, the State provided defendant with those materials including, specifically, the video footage of the incident from Walmart. The State represented to the municipal court that instructions for opening the video file were included with that submission.

Defendant thereafter contacted the police department and notified them of issues that she was having in reviewing the security footage. She argued the videos were presented to her in a proprietary format that she could not open and she was not provided with any program with which to do so. The following month, defendant notified the municipal court that some of the video

2

recordings were missing audio. The judge granted another adjournment of the trial to allow her time to obtain a method of viewing that evidence.

Several months later, and just prior to the trial date, defendant moved to dismiss the complaint, arguing she was still experiencing issues opening the video. She also asserted she was not provided with the State's witness list. The municipal judge denied the motion.

Defendant was tried in municipal court on March 29, 2021. The evidence admitted at trial included the discs that contained the video footage of the incident and the testimony of Jonathan Cruz, a Walmart Asset Protection Associate, and East Windsor Police Officer Tyler Clark. The videos were played at the proceeding and defendant was able to cross-examine the witnesses with respect to them. The State reported none of the incident videos contained audio recording, only Officer Tyler's body camera footage had accompanying audio.

The municipal court judge convicted defendant of shoplifting. Defendant appealed to the Law Division.

After conducting a trial de novo, Judge Sherry L. Wilson issued a January 26, 2024, order, accompanied by an eight-page written statement of reasons. Judge Wlson considered the facts, the procedural history of the

matter, the parties' arguments, and the appropriate standard of review. The judge concluded the municipal judge did not mistakenly apply his discretion when he denied defendant's motion to dismiss for failure to provide discovery and defendant had not provided any evidence of discrimination that deprived her of a fair trial.

The trial court found defendant guilty of the same offense and scheduled sentencing for a date in the future.

Defendant appeals from that order, presenting the following arguments for our consideration:

> Point I
>
> . . . .
>
> The Fourteen[th] Amendment[ to] the United States Constitution Guaranteed Equal Protection and Due Process.
>
> Point II
>
> . . . .
>
> The defense is entitled to the discovery requested, which the State is required to disclose under our Court Rules.
>
> Point III
>
> . . . .

A-2013-23

Refusal of Prosecutors to comply with New Jersey Attorney General mandated directive policy to comply with U.S. and N.J. Supreme Court with Brady [v. Maryland, 373 U.S. 83 (1963)] and Giglio [v. United States, 405 U.S. 150 (1972)] cases.

On appeal from a municipal court to the Law Division, the standard of review is de novo on the record. R. 3:23-8(a)(2). The Law Division judge must make independent findings of fact and conclusions of law but defers to the municipal court's credibility findings. State v. Robertson, 228 N.J. 138, 147 (2017). We do not, however, independently assess the evidence on appeal from the Law Division's de novo review of the municipal court conviction. State v. Locurto, 157 N.J. 463, 471-72 (1999). Our "standard of review of a de novo verdict after a municipal court trial is to determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole." State v. Ebert, 377 N.J. Super. 1, 8 (App. Div. 2005) (internal quotation marks and citation omitted).

The rule of deference is more compelling where municipal and Law Division judges made concurrent findings. Locurto, 157 N.J. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower

courts absent a very obvious and exceptional showing of error." Ibid. "Therefore, appellate review of the factual and credibility findings of the municipal court and the Law Division 'is exceedingly narrow.'" State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470). But, "[a]trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm of Twp. of Manalapan, 140 N.J. 366, 378 (1995).

Rule 2:5-3(b) requires defendant, with certain exceptions, to file transcripts with this court of the "entire proceedings in the court . . . from which the appeal is taken." "Failure to provide the . . . transcript is grounds for dismissal of the appeal, or at least a separable portion thereof." Pressler & Verneiro, Current N.J. Court Rules, cmt. 2 on R. 2:5-3(b), at 510 (2026); Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 55 (2004).

The issues raised in this appeal are entirely dependent on proceedings that took place in both the municipal court and the Law Division. However, defendant has only provided one transcript of the proceedings from a September 11, 2023 hearing during which the Law Division judge and the parties discussed the receipt of the video evidence. Defendant has not provided us with the municipal court trial transcript, nor any transcripts from

any pre-trial hearings or the dispositive proceedings in the Law Division. This precludes our meaningful de novo review of this matter. As a result, we affirm.

To the extent we have not specifically addressed any other contentions raised by defendant, they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

7                                                                    A-2013-23